IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| BRYCE EVERETT PETERSON,<br><br>Petitioner,<br><br>vs.<br><br>ERIC STRAUSS, DIRECTOR OF THE MONTANA DEPARTMENT OF CORRECTIONS; ATTORNEY GENERAL OF MONTANA,<br><br>Respondents. | CV 26-127-M-KSL<br><br>ORDER |

This matter comes before the Court on a petition for writ of habeas corpus, pursuant to 28 U.S.C. §2254, filed through counsel by Bryce Everett Peterson ("Peterson"). (Doc. 1.) Peterson is presently under the supervision of the Montana Board of Pardons and Parole. (*Id.* at 1.) Peterson challenges a 2009 judgment of conviction handed down in Montana's Twenty-First Judicial District, Ravalli County. Peterson alleges that the state court judgment is unconstitutional as it violates his Fifth Amendment right to be free of double jeopardy. (*Id.* at 1-3.)

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires courts to examine the petition before ordering the respondent to file an answer or any other pleading. The petition must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is

not entitled to relief in the district court." *Id.*; *see also*, 28 U.S.C. §1915A(b)(1), (2) (the court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally "frivolous" or "malicious" or fail to state a basis upon which habeas relief may be granted).

## I. Analysis

The petition at hand is Peterson's second federal habeas petition.[1] In 2009, Peterson entered *Alford* pleas[2] in Ravalli County to six counts: aggravated kidnapping, aggravated assault, assault with a weapon, intimidation, aggravated burglary, and partner or family member assault. He received a 70-year sentence to Montana State Prison, with 20 of those years suspended. Peterson filed a habeas petition in this Court in February of 2017. *Peterson v. Fletcher et al.*, No. CV-17-19-M-DLC-JCL, Pet. (filed Feb. 17, 2017). This Court stayed the matter while Peterson exhausted his state remedies. *See*, *Peterson v. Fletcher et al.*, No. CV-17-19-M-DLC-JCL, Ord. (Feb. 21, 2017). This Court subsequently lifted the stay, and the matter proceeded. In June of 2019, a federal magistrate judge entered Findings and Recommendations addressing the merits of Peterson's claims and recommending denial of all relief. *Peterson v. Fletcher et al.*, No. CV-17-19-M-DLC-JCL, Find. & Rec.

---

[1] In his filing, Peterson references a second federal habeas petition, *Peterson v. Salmonsen*, No. CV-23-85-BLG-SPW, Pet. (filed July 20, 2023). *See*, (Doc. 1 at 11.) That petition, however, was filed by Timothy Edward Peterson and, accordingly, will not be considered.

[2] An *Alford* plea is a plea of guilty in which the defendant maintains his innocence. *North Carolina v. Alford*, 400 U.S. 25, 36 (1969).

(filed June 27, 2019). Both parties objected. The district court ultimately denied all of Peterson's claims as time-barred. *Peterson v. Fletcher et al.*, No. CV-17-19-M-DLC-JCL, Ord. (D. Mont. Oct. 29, 2019). On appeal, the United States Court of Appeals for the Ninth Circuit held that one of Peterson's claims, alleging judicial bias, was not time-barred and remanded the matter for further proceedings. *See, Peterson v. Att. Gen. for Montana*, 848 Fed. Appx. 781, 782 (9th Cir. 2021) (unpublished).

On remand, this Court determined that Peterson failed to show that he was actually innocent of any of the crimes to which he pled guilty and that accordingly, all claims remained time-barred. This Court also considered Peterson's judicial bias claim and ultimately denied it for lack of merit. This Court further denied Peterson a certificate of appealability. *Peterson v. Fletcher et al.*, No. CV-17-19-M-DLC, Ord. (D. Mont. Aug. 18, 2022).

Peterson filed a notice of appeal. The Ninth Circuit granted Peterson a certificate of appealability but affirmed the dismissal of his petition. *See, Peterson v. Att. Gen.*, No. 22-35732, 2024 WL 511874 (9th Cir. Feb. 9, 2024).

Peterson's present petition is second or successive over which this Court lacks jurisdiction. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "established a stringent set of procedures that a prisoner 'in custody pursuant to the judgment of a State court' must follow if he wishes to file a 'second or successive'

habeas corpus application challenging that custody[.]" *Burton v. Stewart*, 549 U.S. 147, 152 (2007) (per curiam) (citations omitted). In particular, "[i]f an application is 'second or successive,' the petitioner must obtain leave from the court of appeals before filing it with the district court[,]" *Magwood v. Patterson*, 561 U.S. 320, 330-31 (2010) (citing 28 U.S.C. §2244(b)(3)(A)); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998), and the court of appeals "may authorize the filing of the second or successive application only if it presents a claim not previously raised that satisfies one of the two [exceptions] articulated in § 2244 (b)(2)." *Burton*, 549 U.S. at 153.

These exceptions include "claims predicated on newly discovered facts that call into question the accuracy of a guilty verdict" or "claims relying on new rules of constitutional law." *Tyler v. Cain*, 533 U.S. 656, 661-61 (2001) (citations omitted); *see also, Magwood*, 561 U.S. at 335 (Section 2244(b)(2) "describes circumstances when a claim not presented earlier may be considered: intervening and retroactive case law, or newly discovered facts suggesting 'that … no reasonable factfinder would have found the applicant guilty of the underlying offense.'" (citation omitted)). "Even if a petitioner can demonstrate that he qualifies for one of these exceptions, he must seek authorization from the court of appeals before filing his new petition with the district court." *Woods v. Carey*, 525 F.3d 886, 888 (9th Cir. 2008). A three-judge panel of the court of appeals decides whether or not the

prisoner has made a prima facie showing that the requirements of §2244(b)(2) are satisfied. *See*, 28 U.S.C. §2244(b)(3)(A).

"A petitioner's failure to seek such authorization from the appropriate appellate court before filing a second or successive habeas petition acts as a jurisdictional bar." *Rishor v. Ferguson*, 822 F.3d 482, 490 (9th Cir. 2016), *cert. denied*, 581 U.S. 1019 (2017); *Burton*, 549 U.S. at 153. There is no indication that the Ninth Circuit has granted Peterson leave to file a second or successive petition challenging the 2009 criminal judgment. Accordingly, this Court lacks jurisdiction to hear his claim attacking the state judgment of conviction.

Peterson seems to suggest that his filing is not successive because his double jeopardy claim is a new claim that was not presented in his prior federal habeas petition. *See*, (Doc. 1 at 11-12.) Peterson is mistaken. A "second or successive" petition is not defined by the AEDPA, but rather is a "term of art given substance" by the case law. *Slack v. McDaniel*, 529 U.S. 473, 486 (2000). A petition is generally considered "second or successive" where it raises claims related to the judgment challenged that were or could have been adjudicated on their merits in an earlier petition. *Magwood*, 561 U.S. at 332-33; *see also*, *Brown v. Muniz*, 889 F.3d 661, 667 (9th Cir. 2018). Thus, a petition is second or successive if it contests the same custody imposed by the same judgment of a state court. *Magwood*, 561 U.S. at 331-34; *Brown*, 889 F.3d at 667; *Burton*, 549 U.S. at 153.

Peterson's prior federal habeas petition was denied as untimely and lacking in merit. That denial constituted an adjudication on the merits. *See, McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009); *Carey*, 525 F.3d at 888. Peterson challenges the same 2009 state judgment of conviction addressed in his prior federal habeas petition. Additionally, the facts underlying the purported double jeopardy violation existed at the time Peterson filed his prior habeas petition. Thus, his current petition is second or successive under §2244. Peterson was accordingly required to file a motion in the Ninth Circuit requesting an order authorizing review of his petition. 28 U.S.C. §2244(b)(3)(A). Because Peterson did not do so, his petition must be dismissed for lack of jurisdiction. *Burton*, 549 U.S. at 157 (where the petitioner did not receive authorization from the court of appeals before filing a second or successive petition, "the District Court was without jurisdiction to entertain [the petition]").

**II. Certificate of Appealability**

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing §2254 Proceedings. A certificate of appealability should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v.*

*Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (quoting *Slack*, 529 U.S. at 484).

This Court denies the certificate of appealability. Peterson has not yet made a substantial showing of a denial of a constitutional right. Moreover, the dismissal of the petition is justified by a plain procedural bar, and reasonable jurists would not find the ruling debatable.

Based on the foregoing, the Court enters the following:

**ORDER**

1. Peterson's Petition (Doc. 1) is **DISMISSED** with prejudice as an unauthorized successive petition.

2. The Clerk of Court is directed, by separate document, to enter Judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability is **DENIED.**

DATED this 1 day of September, 2026.

Kathleen Lane
KATHLEEN S. LANE
United States District Court Judge